**Earl L. CHILDERS and Ethel Y. Childers, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 75–2114.**

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1976.

Decided Oct. 21, 1976.

**1244**

Harold E. Starke, Jr. and James C. Roberts, Richmond, Va. (Mays, Valentine, Davenport & Moore, Richmond, Va., Robert Wandrei, Radford and Wandrei, Bedford, Va., on brief), for appellants.

Carleton D. Powell, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Grant W. Wiprud, Attys., Tax Div., Dept. of Justice, Washington, D. C. and Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., on brief), for appellee.

Before RUSSELL, Circuit Judge, and FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

RUSSELL, Circuit Judge.

This appeal arises out of a federal tax assessment made pursuant to § 1239, 26 U.S.C., based upon a denial of capital gains treatment of the profit derived from a sale of depreciable property by the taxpayer Earl Childers[1] to a corporation, of which it is claimed he owned more than 80% "in value." The taxpayer paid the tax and sued in the District Court to recover. From a judgment entered upon a jury verdict in favor of the defendant, the taxpayer has appealed. We affirm.

In his appeal, the taxpayer presses two claims of error in the rulings of the District Court. The first relates to the trial court's jury instructions; the second asserts prejudice arising out of improper comments in Government counsel's final argument to the jury. We shall deal first with the alleged error in instructions. This error concerns the proper application of § 1239, which denies capital gains treatment to profits derived by a transfer of depreciable assets of the taxpayer to "a corporation more than 80 percent in value of the outstanding stock of which is owned by such individual, his spouse, and his minor children and minor grandchildren."[2] It will be noted that the statute does not make the "more than 80%" determination depend simply on the basis of the number of shares

---

1. Ethel Y. Childers is a party to this action solely by virtue of filing a joint tax return with taxpayer as his wife.

2. 26 U.S.C. § 1239(a):

"(a) *Treatment of gain as ordinary income.* —In the case of a sale or exchange, directly or indirectly, of property described in subsection (b)—
 (1) between a husband and wife; or
 (2) between an individual and a corporation more than 80 percent in value of the

outstanding; the determination rather is to be made on the basis of the real or actual "value" of the stock in the transferee corporation held by the taxpayer-transferor, arrived at by a "process of fair market valuation." *United States v. Parker* (5th Cir. 1967) 376 F.2d 402, 408; *Trotz v. Commissioner of Internal Revenue* (10th Cir. 1966) 361 F.2d 927, 930. It follows that whether the taxpayer has "more than 80 percent" ownership "in value" of the transferee corporation, may turn on whether the other or minority ownership is subject to some restraint on alienability which would depress its value or whether the taxpayer's ownership was so large that it gave him effective control of the corporation, with the result that his stock might have an additional value which did not attach to the shares owned by the minority stockholders, thereby giving the taxpayer "more than 80 percent in value" ownership. *United States v. Parker, supra.* The "more than 80 percent in value" determination becomes thus a factual issue, to be resolved on the facts of the particular case.

In this case, the capital stock of the transferee corporation, to which the taxpayer transferred the depreciable assets, consisted of ten shares of stock, four shares of which were owned by the taxpayer, four by his wife, and two by his mother. The stock of the mother was subject to a limitation on alienability in favor of the taxpayer and his wife. The issue in the case under the statute was whether the taxpayer's ownership in the transferee corporation constituted "more than 80 percent in val-

ue." And this would in turn be materially influenced by whether the ownership of the wife in the transferee corporation was to be attributed to the taxpayer. And it is this matter of attribution of the wife's stock to the taxpayer which represents the point of controversy between the parties. The taxpayer argues that in determining whether the taxpayer's ownership meets the test of the statute, only his own personal interest in the transferee corporation must be valued; the Government contends, on the other hand, that the statute expressly directed that the wife's ownership should be attributed to the taxpayer and that his ownership, aggregated by attribution with that of his "spouse," was the ownership to be valued in ascertaining whether the "more than 80 percent" requirement was satisfied. The Court agreed with the Government and so instructed the jury. This the taxpayer asserts was error. We do not agree.

■ The statute, it seems to us, is plain. For purposes of the statute, including the valuation of the taxpayer's interest in the transferee corporation, the husband and wife are to be treated as one. We substantially held this in *Mitchell v. Commissioner of Internal Revenue* (4th Cir. 1962) 300 F.2d 533, 537.[3] To accept the taxpayer's argument would be to make completely meaningless the statute's provision for attribution. The District Court properly rejected taxpayer's argument.

■ The plaintiff, also, complains of the failure of the trial judge to grant his motion for a mistrial on account of what he claims was improper and prejudical argu-

---

outstanding stock of which is owned by such individual, his spouse, and his minor children and minor grandchildren;

any gain recognized to the transferor from the sale or exchange of property which is neither a capital asset nor property described in section 1231."

**3.** In this case, the Court said:

"However, the compromise reached by the Conference Committee, following the Senate's rejection of the House proposal, can be viewed only as deliberately restricting the scope of section 1239 to situations in which the taxpayer's control over the corporation was not merely a likelihood, but practically

assured. Thus, the stock ownership limit was raised to 80%. Stock held by others was attributed to the taxpayer only where his control over their stock was thought to be clearly established—these situations being stock owned by his spouse, minor children and minor grandchildren."

The real point in this case was whether a beneficial interest was to be attributed to the taxpayer. This case held—and its decision has been approved in other cases—that such interest was not to be attributed. The 1976 amendments correct this omission and bring such beneficial interests within the statutory provision for attribution.

**1246**

ment by Government counsel. In their closing jury arguments, however, both counsel for the plaintiff and the Government indulged in extremely uncomplimentary characterizations of the truthfulness and reliability of the witnesses for the opposite side. Counsel for the taxpayer began the attack and Government's counsel responded in kind, though admittedly in somewhat sharper and less subtle terms. The language of neither is to be approved. But by implying that the Government witnesses had falsely testified, taxpayer's counsel had little cause to complain that Government counsel countered by charging that the taxpayer had falsely testified too. It is true Government counsel used more direct terms in describing the taxpayer's allegedly conflicting testimony but simply because taxpayer's counsel was perhaps more subtle in his statement did not make his assault any less objectionable. The trial judge, who was present and had observed the entire proceedings, including the argument of taxpayer's counsel, did not find that the argument of Government's counsel, considering all the circumstances of the trial, warranted a mistrial. On review of the record, we cannot say he abused his discretion.

The judgment of the District Court is accordingly

*AFFIRMED.*